# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SALISBURY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARITAS ACQUISITIONS V, LLC, et al.,<br><br>　　　　Defendants. | Case No.: CV 18-08247-CJC(Ex)<br><br>ORDER DENYING DEFENDANT CITY OF SANTA MONICA'S MOTION TO DISMISS [Dkt. 34] AND DENYING DEFENDANT REAL ESTATE CONSULTING AND SERVICES, INC.'S MOTION TO DISMISS [Dkt. 38] |

## I. INTRODUCTION

Plaintiff Lawrence Salisbury brings this action against Defendants Caritas Acquisitions V, LLC ("Caritas"), Birtcher Anderson Realty Management, Inc. ("Birtcher Anderson"), Chuck Polson, Real Estate Consulting & Services, Inc. ("RECS"), and the City of Santa Monica.  (Dkt. 33 [First Amended Complaint, hereinafter "FAC"].)

Defendants allegedly failed to reasonably accommodate Plaintiff's disability by refusing to allow him to park closer to his mobile home. Before the Court is Defendant City of Santa Monica's motion to dismiss and Defendant RECS's motion to dismiss. (Dkts. 34, 38.) For the following reasons, the motions are **DENIED**.[1]

## II. BACKGROUND

Plaintiff Lawrence Salisbury has resided in a mobile home located at Space 57 in Mountain View Mobile Home Park in Santa Monica, California, since 1975. (FAC ¶ 3.) In 1985, Plaintiff had a serious car accident that required him to have multiple back surgeries. (*Id.* ¶ 10.) He is currently handicapped and suffers from spondylolisthesis, osteoarthritis of the spine, and multi-level degenerative disc disease. (*Id.* ¶ 9.) His condition makes him unable to walk without pain. (*Id.*)

Plaintiff used to park across the street from Space 57. (*Id.* ¶ 12.) In 2010, the City of Santa Monica redesignated the parking spaces assigned to each mobile home in Mountain View Mobile Home Park. (*Id.*) Plaintiff's assigned parking space was moved approximately 150 feet away from the entrance of his mobile home. (*Id.*) Plaintiff continued to park in a vacant space adjacent to his mobile home. Eventually, however, the Mountain View Mobile Home Park erected parking barriers that prevented Plaintiff from parking in the empty space adjacent to Space 57. (*Id.*) This forced Plaintiff to park in his assigned space only. (*Id.*)

On August 9, 2015, Plaintiff requested that the City of Santa Monica and property manager RECS accommodate his disability by removing the barriers that prevented him

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 28, 2019, at 1:30 p.m. is hereby vacated and off calendar.

from parking in the open space next to his mobile home.  (*Id.* ¶ 13.)  The City of Santa Monica and RECS ignored his request.  (*Id.*)

In November 2015, Plaintiff attempted to talk to Teresa Gonzalez, who at the time was the on-site manager of Mountain View Mobile Home Park for RECS.  (*Id.* ¶ 14.)  Plaintiff reiterated his request to be allowed to park next to his mobile home because of his disability.  (*Id.*)  Ms. Gonzalez allegedly ignored Plaintiff and walked away.  (*Id.*)

Between August 2015 and November 2016, Plaintiff received over a dozen parking violations from the City of Santa Monica and RECS for parking his vehicle in front of his unit or in the visitor parking area.  (*Id.* ¶ 15.)  The First Amended Complaint describes four parking citations that Plaintiff received in early December 2016, late December 2016, February 2017, and May 2017.  (*Id.* ¶¶ 16–19.)  Each time, Plaintiff parked either in front of his mobile home or in the visitors' parking area because he was unable to park in his assigned parking spot.  (*Id.*)  Each time after receiving a citation, Plaintiff visited the office, but no one was there.  (*Id.*)  He then left voicemail messages to Mountain View Mobile Home Park's 24-hour phone number, complaining about the citation and repeating his request to park next to his mobile home because of his disability.  (*Id.*)  These voicemail messages were never returned.  (*Id.*)

In July 2018, the City of Santa Monica sold Mountain View Mobile Home Park to Caritas.  (*Id.* ¶ 4.)  Birtcher Anderson began managing the property, employing Chuck Polson as the on-site property manager.  (*Id.* ¶¶ 5–6, 20.)  Plaintiff again requested that the new owners and managers of Mountain View Mobile Home Park accommodate his disability by removing the barriers that prevent him from parking next to his mobile home.  (*Id.* ¶ 20.)  The new owners and managers ignored his request.  (*Id.*)

On September 24, 2018, Plaintiff filed this lawsuit in federal court. (Dkt. 1.) Plaintiff alleges causes of action for (1) violation of the Fair Housing Act ("FHA"), (2) violation of the California Fair Employment and Housing Act ("FEHA"), (3) negligence, and (4) violation of the California Disabled Persons Act. (*See generally* FAC.) Plaintiff brings all four causes of action against RECS. (*Id.* ¶¶ 21–42.) Plaintiff's only claim against the City of Santa Monica is under the FHA. (*Id.* ¶¶ 21–27.)

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The district court may also consider additional facts in materials that the district court may take judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994*), overruled in part on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## IV.  DISCUSSION

Both the City of Santa Monica and RECS move to dismiss the FHA claims against them on the ground that they are barred by the applicable statute of limitations.  The City of Santa Monica and RECS argue that the statute of limitations began to run in August 2015, when Plaintiff first received a parking citation.  (Dkt. 34 [City of Santa Monica's Mot. to Dismiss, hereinafter "City's Mot."] at 6; Dkt. 38 [RECS's Mot. to Dismiss, hereinafter "RECS's Mot."] at 5–8.)  The City of Santa Monica also argues that at the very latest, Plaintiff's request for accommodation was constructively denied by November 2015, when Ms. Gonzalez's failure to respond to Plaintiff's verbal request plus the continued issuance of parking tickets made it clear that the City of Santa Monica and RECS denied the request.  (City's Mot. at 6.)  Plaintiff argues that the City of Santa Monica's and RECS's repeated refusals to enter into the interactive process amount to a continuing violation that continues into the limitations period.

Under the FHA, "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).  However, "where a plaintiff, pursuant to the Fair Housing Act,

challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within [the limitations period] of the last asserted occurrence of that practice." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–81 (1982).

Courts distinguish between a continuing violation, which may toll the statute of limitations period, and the continuing effects of a past violation, which do not. *Garcia v. Brockway*, 526 F.3d 456, 461–63 (9th Cir. 2008); *see also Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."). For instance, where the alleged discriminatory housing practice is the defendant's failure to design and construct a multifamily dwelling according to FHA standards, the statute of limitations is triggered when the last certificate of occupancy issued, even though occupants may continue to experience the effects of these building defects long after. *Id.* at 461–62. In contrast, the Supreme Court in *Havens* found plaintiffs' claims were not time barred where there was "a continuing violation manifested in a number of incidents." 455 U.S. at 381. *Havens* involved an apartment complex that on repeated occasions told white prospective tenants that there were apartments available, while telling black prospective tenants that there was no availability. *Id.* at 368. Although most of the incidents occurred outside the limitations period, the Supreme Court held the plaintiffs' claims were not time barred because at least one incident occurred within the limitations period. *Id.* at 381.

Plaintiff here claims that the City of Santa Monica and RECS refused to make a reasonable accommodation under the FHA. To state such a claim, a plaintiff must allege: (1) that he suffers from a "handicap" as defined in 42 U.S.C. § 3602(h), (2) that the defendant knew or should reasonably be expected to know of the handicap, (3) that accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling, (4) that the accommodation was reasonable,

and (5) that the defendant refused to make the accommodation. 42 U.S.C. § 3604(f)(3)(B); *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006), *cert. denied*, 549 U.S. 1216 (2007). As the Court held in its November 20, 2018 order, Defendants constructively denied Plaintiff's request for reasonable accommodation when they issued parking citations after Plaintiff requested that Defendants reasonably accommodate his disability by allowing him to park closer to his mobile home. (Dkt. 30 at 4–6.)

Plaintiff now alleges that on four occasions in December 2016, February 2017, and May 2017, he renewed his request for an accommodation by leaving a voicemail on Mountain View Mobile Home Park's 24-hour phone number. (FAC ¶¶ 16–19.) After Plaintiff left a voicemail, Defendants did not respond, but then constructively denied his request by issuing a parking citation on Plaintiff's car. (*Id.*) In total, Plaintiff alleges a total of six occasions where Defendants constructively denied Plaintiff's request for accommodation, including several in the limitations period. (*Id.* ¶¶ 13–19.) Based on these allegations, Plaintiff sufficiently establishes that his claims are not time barred. If Plaintiff had alleged merely a continuing inability to park closer to his home, he would fail to allege a continuing violation, since this is only the continuing ill effect of an earlier refusal to accommodate. But Plaintiff alleges more than a series of parking tickets. He alleges that he *repeatedly* asked for an accommodation and that Defendants *repeatedly* refused these requests. Since each refusal is an unlawful act, Defendants engaged in "a continuing violation manifested in a number of incidents." *See Havens*, 455 U.S. at 381. Accordingly, Plaintiff has sufficiently alleged that his FHA claims are not time barred.

On a similar theory, RECS moves to dismiss Plaintiff's FEHA, negligence, and California Disabled Persons Act claims, on the ground that they too are barred under the two-year limitations period applicable to each claim. (RECS's Mot. at 9–12.) Plaintiff's FEHA and California Disabled Persons Act claims are premised on RECS's alleged

refusal to make a reasonable accommodation and engage in the interactive process. (FAC ¶¶ 29–30, 41.)  Plaintiff's negligence claim relates to RECS's duty to operate Mountain View Mobile Home Park in accordance with federal and state fair housing laws.  (*Id.* ¶ 34.)  RECS argues that the statute of limitations began to run in August 2015, when it first issued parking citations and thus violated federal and state law by refusing Plaintiff's accommodation request.  As noted above, however, Plaintiff has alleged a series of refusals, including refusals within the statute of limitations period.  Consequently, Plaintiff has adequately alleged that his FEHA, negligence, and California Disabled Persons Act claims are not time barred.

## V.  CONCLUSION

For the foregoing reasons, Defendants City of Santa Monica and RECS's motions to dismiss are **DENIED**.

DATED:   January 18, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE